IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00940-PAB-KLM

ALLIANCE CONSTRUCTION SOLUTIONS OF WYOMING, LLC, a Wyoming limited liability company,

    Plaintiff,

v.

INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey corporation,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on Defendant's Response to Order to Show Cause [Docket No. 13] filed by defendant International Fidelity Insurance Company ("IFIC"). IFIC removed this action for breach of contract on April 11, 2013, alleging that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Docket No. 1 at 2, ¶ 3. On April 24, 2013, the Court issued an Order to Show Cause [Docket No. 12] why this case should not be dismissed for lack of subject matter jurisdiction. The order was based on IFIC's failure to sufficiently plead the citizenship of plaintiff Alliance Construction Solutions of Wyoming, LLC ("Alliance"). The Court explained that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens. *See U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (listing cases).

    IFIC responds to the Order to Show Cause by stating that Alliance has three members: Bill Joyner, a resident of Colorado; Brian Weinmaster, a resident of

Wyoming; and ACS, LLC, a Colorado LLC with its principal place of business in Colorado.  Docket No. 13 at 2, ¶ 2.  IFIC does not, however, state the persons or entities that make up ACS, LLC's membership.  As stated in the Court's Order to Show Cause, "when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court."  Docket No. 12 at 3.  IFIC has not met its burden, as the party invoking federal jurisdiction, of establishing such jurisdiction "as a threshold matter."  *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Accordingly, it is

   **ORDERED** that this case shall be remanded to the District Court for the City and County of Denver, Colorado, where it was filed as Case No. 2013cv31189.

   DATED April 26, 2013.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
