IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00940-PAB-KLM

ALLIANCE CONSTRUCTION SOLUTIONS OF WYOMING, LLC, a Wyoming limited
liability company,

      Plaintiff,

v.

INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey corporation,

      Defendant.

---

## ORDER

---

      This matter is before the Court on the Unopposed Motion for Reconsideration
[Docket No. 15] filed by defendant International Fidelity Insurance Company ("IFIC").
IFIC removed this action for breach of contract on April 11, 2013, alleging that the Court
had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Docket No. 1 at 2,
¶ 3.  On April 24, 2013, the Court issued an Order to Show Cause [Docket No. 12] why
this case should not be dismissed for lack of subject matter jurisdiction.  The order was
based on IFIC's failure to sufficiently plead the citizenship of plaintiff Alliance
Construction Solutions of Wyoming, LLC ("Alliance").  The Court explained that an LLC,
much like a partnership, is deemed to be a citizen of all of the states of which its
members are citizens.  *See U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No.
09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (listing
cases).  IFIC responded to the Order to Show Cause by stating that Alliance has three
members, one of which is ACS, LLC, a Colorado LLC with its principal place of

business in Colorado.  Docket No. 13 at 2, ¶ 2.  IFIC did not, however, state the persons or entities that make up ACS, LLC's membership.  As stated in the Court's Order to Show Cause, "when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court."  Docket No. 12 at 3.  As IFIC did not meet its burden, as the party invoking federal jurisdiction, of establishing such jurisdiction "as a threshold matter," *see Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004), the Court remanded the case for lack of subject matter jurisdiction.  Docket No. 14.

On April 29, 2013, IFIC filed the instant motion pursuant to Federal Rule of Civil Procedure 60(b)(1), requesting that the Court vacate its order remanding the case.  Docket No. 15.  IFIC now offers the names of ACS, LLC's members and states that they are all citizens of either Colorado or Wyoming and thus that complete diversity exists.  Docket No. 15 at 2, ¶¶ 4-5.  IFIC argues that, in light of this new information, "[c]ounsel's prior failure in the Response to Order to Show Cause to fully drill down with respect to the citizenship of the members of ACS, LLC" constitutes mistake, inadvertence, surprise, or excusable neglect within the scope of Rule 60(b)(1).  Docket No. 15 at 2, ¶ 6.

An order remanding a case for lack of subject matter jurisdiction "is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009).  "This language has been universally construed to preclude not only appellate review but also reconsideration by the district court."  Hon. William W. Schwarzer, Hon. A. Wallace Tashima, James M. Wagstaffe, Federal Civil

2

Procedure Before Trial § 2:3840 (5th ed. 1991) (quoting *Seedman v. U.S. Dist. Ct. for Central Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988)); *see also Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1203 (11th Cir. 2011);  *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005) ("the 'or otherwise' language of section 1447(d) bars district courts from reconsidering orders remanding cases on section 1447(c) grounds"); *In re Lowe*, 102 F.3d 731, 734 (4th Cir. 1996); *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986) ("the district court itself is divested of jurisdiction to reconsider the matter.  Thus, even if it later decides the order was erroneous, a remand order cannot be vacated even by the district court.").

As remand in this case was based on the lack of subject matter jurisdiction, *see* 28 U.S.C. § 1447(c), Docket No. 14 at 2, the Court lacks jurisdiction to reconsider its order of remand.  *See* 28 U.S.C. § 1447(d); *Shapiro*, 412 F.3d at 312.  Accordingly, it is

**ORDERED** that the Unopposed Motion for Reconsideration [Docket No. 15] filed by defendant International Fidelity Insurance Company is DENIED.

DATED April 29, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge